UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – DETROIT

In re:

MARK ANTHONY CHABAN,

Debtor.
_____/

Case No.: 14-52133-wsd
Chapter 7
Hon. Walter Shapero

FRED H. FREEMAN, AS ASSIGNEE OF
DOABA TRUCK STOP, INC., ET.AL.,.

Plaintiffs,

v.

MARK ANTHONY CHABAN,

Defendant.
_____/

Adv. Pro. No.: 14-05126

## OPINION INCIDENT TO MOTION OF FRED FREEMAN TO WITHDRAW AS ATTORNEY AND AFFIRMING STANDING OF FREEMAN TO PURSUE THIS PROCEEDING

This adversary proceeding seeks denial of Debtor's discharge and nondischargeability of debt based on a money judgment entered on April 2, 2014 ("State Court Judgment") by the Macomb County Circuit Court ("State Court"), the nature of which was a litigation sanction requiring Debtor to pay the judgment creditors' attorney fees incurred in that action. The named Plaintiffs in this adversary proceeding are (a) Fred Freeman, in his capacity as assignee of two of the judgment creditors plaintiffs in the State Court Judgment, Doaba Truck Stop, Inc. ("Doaba") and Ishtadev Rathore ("Ishtadev"); and (b) two other judgment creditors Plaintiffs in the State Court Judgment, Gurnoor Rathore ("Gurnoor") and Harminder Rathore ("Harminder"), who are being represented in this adversary proceeding by Freeman. Freeman also represented the latter two

1

judgment creditors in connection with State Court Judgment. The State Court Judgment was entered jointly and severally in favor of the above-noted Plaintiffs in this adversary proceeding and some other persons who are not parties to this adversary proceeding (together, "Judgment Creditors"). The State Court Judgment was entered against Debtor Chaban individually, among other parties.

## Freeman's Motion to Withdraw

In this proceeding, Freeman filed a Motion to Withdraw (Docket No. 64) as attorney for Gurnoor and Harminder. This relief was not opposed by Chaban or any other person and the Court granted that Motion at a March 5, 2015, hearing and an effectuating order to that effect has now been entered.

## The State Court Judgment

Chaban's response to Freeman's Motion to Withdraw incorporates a Suggestion of Lack of Jurisdiction (Docket No. 60), which the Court is treating as effectively being a motion to dismiss. Chaban contends that Freeman as assignee of the State Court Judgment in favor of Doaba and Ishtadev, lacks standing. Freeman's Motion to Withdraw resulted from the Court bringing to his attention Michigan Rule of Professional Conduct 1.8(j), relating to conflicts of interest, which governs a lawyer's acquisition of a proprietary interest in a client's cause of action or subject matter of litigation, and its possible application to this situation. Attached to the Amended Complaint (Dkt. 5) were two separate assignment documents, each providing that each of Doaba and Ishtadev respectively unconditionally assigned to Freeman all their interests in the State Court Judgment. The assignments each recite that the consideration for the transfer is the

assignors indebtedness to Freeman, and state that Freeman will turn over to the assignors any monies collected in excess of the assignors debt to Freeman for attorney fees.

Chaban argues, among other things, that certain of the Judgment Creditors lack standing to assert that the subject attorney fees of Freeman are nondischargeable debts, either because the legal services were not performed by Freeman for *their* benefit or because they did not sign a retainer agreement with Freeman. In support, Chaban utilizes facts that were evident to the State Court (even citing transcripts of September 4, 2012, State Court proceedings). Chaban's arguments in that respect are unpersuasive and irrelevant. Chaban cannot now revisit the final State Court Judgment in an attempt to limit its application to certain creditors. It was in fact issued in favor of *all* the Judgment Creditors, jointly and severally, all of whom thus have the legal rights incident thereto.

Additionally, Chaban argues that the State Court lacked jurisdiction to issue sanctions against him *individually* because the State Court had, with Freeman's consent at a hearing held on January 10, 2012, dismissed him (Chaban attaches a transcript and docket, but no court order to that effect). However, Chaban cannot take refuge in his purported dismissal because of the subsequent facts and their legal import. On November 21, 2013, the Michigan Court of Appeals in fact ordered the State Court to consider sanctions against Chaban individually. On April 2, 2014, the State Court in fact did so, explicitly stating on page 5 of the State Court Judgment: "as Chaban is an attorney of record, this Court clearly has jurisdiction over him for purposes of imposing sanctions." For the reasons stated in *In re Singleton*, 230 B.R. 533, 536 (B.A.P. 6th Cir. 1999), because of a bankruptcy court's jurisdictional limitations and the *Rooker-Feldman* doctrine, this Court cannot simply ignore the State Court Judgment or look

3

beyond its four corners. Chaban's arguments are inextricably intertwined with the substance of the State Court Judgment and his arguments here can only succeed if the state court(s) wrongly decided the issues before them. *Id.* at 537. Chaban clearly wishes to raise issues with the substance of the State Court Judgment. But such issues are not properly before this Court.[1] The Bankruptcy Code was not intended to give litigants a second (or third) chance to challenge a state court judgment. *Id.* at 538. Insofar as Chaban argued that the State Court Judgment's determination that the State Court had jurisdiction to sanction Chaban individually was erroneous, Chaban's appropriate remedy should have been to appeal that State Court Judgment. *See In re Keeler*, 273 B.R. 416, 420-22 (D. Md. 2002) (rejecting argument that state court lacked jurisdiction because the appropriate remedy was to appeal to state appellate court); *In re Application of Urbanowski*, No. 13-1268, 2013 WL 4458770, at *2 (C.D. Ill. Aug. 20, 2013) (state courts are competent to determine their own jurisdictional boundaries and federal courts need not intervene, even if state court judgment is erroneous or even unconstitutional).

Freeman's Standing as Assignee to Prosecute this Adversary Proceeding

Chaban next argues that Freeman as assignee of Doaba and Ishtadev lacks standing to prosecute the action by reason of perceived ethical conflicts associated with said assignments. There is no general prohibition against assignment of judgments. Chaban argues, however, that the assignments violated the Michigan Rules of Professional Conduct (MRPC) 1.8(a) and (j), and Michigan public policy, rendering the assignments void *ab initio* and thus eliminating Freeman's standing. MPRC 1.8(j) states: "A lawyer shall not acquire a proprietary interest in the cause

---

[1] Even if this not a classic situation where the *Rooker-Feldman* doctrine is implicated, given that Chaban's attacks on the State Court Judgments are here being asserted as *a defense* rather than as a separate federal court suit, this Court is nonetheless without jurisdiction to set aside the State Court Judgment and such constitutes an independent basis for this decision.

of action or subject matter of litigation the lawyer is conducting for a client." Chaban misunderstands the meaning, purport, and coverage of this rule.

The rule, as noted, is contained in the Conflict of Interest: Prohibited Transactions section of the MPRC. The Comments to the cited provisions under the heading "Acquisition of Interest in Litigation" in pertinent relevant part, after reciting the traditional general rule that lawyers are prohibited from acquiring a proprietary interest in litigation, goes on to state: "This general rule, which has its basis in common law champerty and maintenance, is subject to specific exceptions developed in decisional law and continued in these rules." While the two listed exceptions thereafter listed do not apply here, what is apparent is that the rule itself does not apply in this situation. That is so because given the nature and substance of the assignment and the attendant facts, there does not exist the actual or potential conflict of interest the rule is designed to prevent.

Freeman became the owner of the judgment and his ensuing collection efforts are in that capacity; which is one where he is no longer representing the assignors. The assignors by reason of the assignment, no longer have any effective interest in that assigned judgment or indeed the ability themselves to pursue its collection against these who are obligated thereunder.[2] *In 14 Am. Jur.2nd, Champerty, Maintenance and Barratry.* §§ 8, 9 (1964) it is stated:

---

[2] The fact that Freeman must turn back to the assignors amounts collected by him in excess of what assignors owe him does not change the result. Assignors recourse in that respect would only be to pursue Freeman if he does not do so.

> The prohibition against an attorney acquiring a proprietary interest in the litigation in which he or she represents a client is intended to avoid conflicts of interest between attorneys and clients. The rule addresses the concern that the lawyer will not seek and accept client guidance on major decisions in the lawsuit because of the lawyer's own economic interest in the outcome. It is not champerty for a client to assign to his or her attorney an interest in the subject matter of the suit as security for payment for services in litigation, or in payment of a precedent debt, or for services actually rendered. Likewise, the assignment of attached property by a client to an attorney in payment of past and future services is not champertous. Also, a deed to an interest in real estate in suit for a similar consideration is not a champertous transaction.
>
> ********
>
> It is permissible for an attorney to purchase a judgment recovered by the attorney's client after the litigation on the client's claim has ended even where a rule of professional conduct prohibits a member of the bar from purchasing or otherwise acquiring any interest in the subject matter of litigation which he or she is conducting.

See also *Eikelberger v. Tolotti*, 96 Nev. 525, 611 P.2d 1086 (1980), a case where the involved attorney became the owner of a client's interest in litigation, and the court (noting that a similar rule to that in Michigan was designed to eliminate conflicts of interest) concluded: "The purchase of Guerdon's interest in the litigation after it had been reduced to final judgment would not create such a conflict."

This Court agrees with those statements of applicable law in light of the facts of this situation, and accordingly, the Court concludes Freeman does have standing and therefore dismissal on the grounds he does not is denied. An order to that effect is being contemporaneously entered. The Court will be issuing appropriate scheduling and other orders designed to move this proceeding toward trial.

.
6

**Signed on April 28, 2015**

                                          /s/ Walter Shapero
                                          **Walter Shapero**
                                          **United States Bankruptcy Judge**