UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – DETROIT

In re:

MARK ANTHONY CHABAN,

        Debtor.
_____/

Case No.: 14-52133-wsd
Chapter 7
Hon. Walter Shapero

FRED H. FREEMAN, ET AL.

        Plaintiffs,

v.

MARK ANTHONY CHABAN,

        Defendant.
_____/

Adv. Pro. No. 14-05126

## OPINION GRANTING MOTION FOR SUMMARY JUDGMENT ON FIRST AMENDED COUNTER COMPLAINT OF DEBTOR, BUT WITHOUT PREJUDICE

Debtor filed his Chapter 7 case on July 24, 2014, and Plaintiff timely commenced this Adversary Proceeding on October 27, 2014.

This Adversary Proceeding was commenced as an action against Debtor under §§ 523(a)(2)(A), 523(a)(6) and 727. Plaintiff Freeman has moved for summary judgment and those motions are pending. Debtor/Defendant, in this proceeding, filed an Amended Counter Complaint against Plaintiff containing two counts. The first count alleges Common Law Fraud and Statutory Conversion and the second a Declaratory Judgment, Violation of Due Process. Debtor seeks money judgments against Plaintiff in respect to the Counterclaim. Plaintiff Freeman is the assignee and holder of a state court judgment against Debtor which is the basis for

1

his Complaint in this Adversary Proceeding, and his pending Motion for Summary Judgment with respect to that Complaint.

A thorough reading of the very detailed statement of facts in the Amended Counter Complaint alleged as the premises and bases for the causes of actions asserted therein clearly shows that the last of such were events that ended in 2011, incident to a myriad of state court proceedings extending over many years and involving likely hundreds if not thousands of pages. Some, but not all of such had some relation to the proceedings which eventually lead to the state court judgment which was entered before the filing of the Debtor's bankruptcy case. That state court judgment is the basis of Plaintiff's Complaint against Debtor in this Adversary Proceeding.

Plaintiff's Motion is granted for a number of reasons. Unmistakably, the Amended Counter Claim is based on and asserts facts, that, as noted, all occurred prior (and indeed substantially prior) to the filing of the Chapter 7 petition. Any injury arising therefrom was decidedly suffered prepetition. See *In re Underhill*, 579 Fed. App'x 480 (6th Cir. 2014). Therefore, to the extent it has any merit, it asserts causes of action which were and are property of the estate (which parenthetically were not listed in Schedule B of Debtor's Petition). As such, it is a potential asset of the bankruptcy estate which at least in the first instance, the Chapter 7 Trustee must deal with in whatever way the Trustee deems appropriate. That apparently has not yet occurred, and until it has, it should not be part of this Adversary Proceeding, and for that reason alone it should be dismissed. A dismissal, however, should be without prejudice to it being pursued separately, and initially by the Trustee, if the Trustee deems such cause of action worthy of being pursued, or if not, and if otherwise permissible, by the Debtor - but in any event by way of a new and separate adversary proceeding. In this connection, the Court notes the provisions of Fed.R.Bankr.P. 7042 under which it has the power to issue any orders to avoid unnecessary cost or

delay and to order separate trials for convenience and to expedite and economize the proceedings, as they relate to counterclaims. In the Court's view, its indicated action here fits within that or otherwise granted case management powers.

While not being here decided, it is to be noted that given its nature and the state court proceedings on which it is based, one could predict that at some future point the Bankruptcy Court, if appropriately asked to, might consider it proper to remand the matter to the state court or abstain and send it to the state court for disposition, if permissible.

One of the defenses raised by the Debtor to this Summary Judgment Motion is that while the events comprising the cause of action and resulting injury occurred prior to the bankruptcy filing, or some other related entity (his P.C.) may have owned the cause of action and Debtor succeeded to its ownership <u>after</u> the filing of his personal bankruptcy case and therefore, the causes of action are not estate property. The convoluted reasoning and facts forming the basis for that argument are not at all clear or meritorious. Regardless, the argument does not present a defense to granting the Motion. As long as the facts forming the basis for the cause of action occurred prior to the filing (which they did) and any cognizable injury had by then been suffered (which it had) the causes of action arising out of those facts became property of the bankruptcy estate under the very expansively interpreted provisions of § 541. Such thus could only be appropriately dealt with by the case Trustee, at least in the first instance. Further militating against Debtor's argument are the facts that (a) Debtor is not bringing this claim on behalf of or jointly with his P.C., but in his own individual right; (b) the P.C. filed its own Chapter 7 petition (Case No. 13-45710) and also failed to list this Counterclaim on its Schedule B; and (c) Debtor's interest in his P.C. is also property of his personal bankruptcy estate.

3

Plaintiff has also asserted other grounds such as collateral estoppel, etc., for granting summary judgment of dismissal on a substantive basis. The Court declines to rule on such at this time in light of the primary basis for its dismissal.

Finally, the Amended Counterclaim appears to have been asserted not only against Plaintiff Freeman, but others as well, they being the persons who assigned their judgment to Freeman. It would unduly complicate the disposition of the main subject of this proceeding, not to also dismiss as against them, because it is not clear at this point the extent to which those assignor counter - defendants even are or will be participating in these proceedings as such at all and for judicial efficiency reasons. In any event, they are not immune from being further pursued by the dismissal order the Court is entering. Accordingly, the Amended Counterclaim against persons, other than Freeman, is also herewith being dismissed under the same terms and conditions.

Accordingly, the Motion for Summary judgment is granted, and the Court will be entering an appropriate order.

.

.

.

**Signed on June 10, 2015**

                                                          **/s/ Walter Shapero**
                                                         **Walter Shapero**
                                                         **United States Bankruptcy Judge**